# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JACKSON BROWN,

        Plaintiff,

vs.

STATE OF NEVADA COUNTY OF CLARK NEVADA,

        Defendant.

2:16-cv-02435-RBF-VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1), COMPLAINT (ECF NO. 1-1)

Before the court are Plaintiff's application to proceed *in forma pauperis* (ECF No. 1), along with a complaint (ECF No. 1-1). For the reasons stated below, Plaintiff's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Plaintiff's complaint be dismissed with leave to amend.

## I. Discussion

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief. Each is discussed below.

1. Plaintiff <u>May Proceed *In Forma Pauperis*</u>

Plaintiff's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Plaintiff submitted a financial affidavit. (ECF No. 1). According to the affidavit, Plaintiff earns $1,000 a month and has no money in his checking or savings account. Plaintiff

pays $400 per month for rent, with utilities included. Plaintiff's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Upon granting a request to proceed *in forma pauperis,* a court must screen a complaint pursuant to 28 U.S.C. § 1915(e). Courts have the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court's review of a Plaintiff's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain…a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal,* states that in order to satisfy Rule 8's requirements, a complaint's allegation must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional claim." *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the factual allegations, which are accepted as true, "do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]"- "that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F. 3d. 1103, 1106 (9th Cir. 1995) (citation omitted).

Plaintiff fails to state a claim upon which relief can be granted. (ECF No. 1-1). Plaintiff alleges that on April 10, 2016, Officer Mitchell and an unnamed officer threatened to kidnap him and hold him for ransom if he did not sign a jaywalking ticket. (ECF No. 1-1 at 4). Plaintiff further alleges that both officers threatened to take him to jail if he did not sign the ticket. (ECF No. 1-1 at 29). Plaintiff states no facts to support the preceding allegations. Such necessary facts include the "where" and the "how" of a defendant's alleged misconduct. *Albanese v. Homeland Sec. of the United States in Las Vegas, Nevada*, 2:16-CV-531-RFB, 2016 WL 2659511, at *2 (D. Nev. Mar. 15, 2016). Plaintiff's complaint provides neither of these contextual details. (ECF No. 1-1). The complaint also lacks factual allegations to support damages or causation. Plaintiff's complaint should be dismissed for failure to state a claim for which relief may be granted.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Plaintiff's complaint (ECF No. 1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED if the court adopts this report and recommendation, the court set a deadline for filing an amended complaint.  If an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint.  The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at the time, if applicable. *See* 28 U.S.C. 1915(e)(2).

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F. 2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with the Rule may result in dismissal of this action.** *See* LSR 2-2.F

///

IT IS SO ORDERED and RECOMMENDED.

DATED this 8th day of November, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE