**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JACKSON BROWN,

        Plaintiff,

vs.

BRIAN SANDOVAL, *et al.*,

        Defendant.

Case No. 2:16-cv-02435-RFB-VCF

**REPORT & RECOMMENDATION**

AMENDED COMPLAINT (ECF NO. 3)

Before the Court is Plaintiff Jackson Brown's Amended Complaint. (ECF No. 3). Brown was previously granted leave to proceed with this action *In Forma Pauperis*. (ECF No. 2). Under 28 U.S.C. §1915(e)(2), the Court screens Brown's Amended Complaint to determine whether it is frivolous, malicious, or fails to state a claim for which relief may be granted. For the reasons stated below, Brown's Amended Complaint should be dismissed with prejudice.

**I. Background**

At 8:54 p.m. on the night of April 10, 2016, Brown walked southbound on Paradise Road from Elm Drive. ECF No. 3 at 4, 13, 41. According to Brown, he looked both ways before proceeding westbound across Paradise Road. *Id*. at 41. Brown, however, never made it across. *Id*. When Brown arrived at the median, two Las Vegas Metropolitan Police Officers ("Metro") driving northbound stopped him. *Id*. at 4. Brown alleges that the Metro Officers proceeded to place him under arrest, instructing him to stand by the front of their police van and place his hands on the hood. *Id*. at 41.

As Metro was placing Brown under arrest, Brown alleges that he asked the Officers if he was "committing a felony." ECF No. 3 at 41. The Metro Officers, according to Brown, responded that he was "jaywalking" and that "you can get hit by a car." *Id*. The Officers then proceeded to issue a traffic ticket

1

to Brown for jaywalking. *Id*. at 4. Brown objected and asked the Officers not to give him a ticket. *Id*. at 41. Brown alleges that he stated to the Metro Officers that he "was clearly standing in a 'safe area' of the median and [he] did not feel that [he] was in any danger of getting injured." *Id*. Brown further explained that he did not know he could not cross there. *Id*. When Brown initially refused to sign the traffic ticket, he alleges that the Metro Officers threatened to arrest him and take him to jail, not to a judge. *Id*. at 4. Brown alleges that this was a clear threat to his liberty and his life and that this was a threat to kidnap him and hold him for ransom. *Id*. So, he signed the ticket, but he claims under duress. *Id*. at 41.

Brown asserts that the Metro Officers wasted his valuable time and used his name for financial and possibly political gain in violation of Nevada law. *Id*. at 23. In particular, Brown asserts that there "was no contract between [him] and the Las Vegas Metropolitan Police Department which obligated [him] to obey the statutes." *Id*.; ECF No. 3 at 5 ("Police routinely issue tickets and arrest the people, knowing the citizens are exempt from government rules, regulations, codes and statutes because citizens are not factually employees of the organization to whom those 'laws' apply"). Brown alleges that he told both Officers that a verbal warning was sufficient and that they should allow him to walk away, but they "both conspired to deprive him of his rights and sanction him without cause." *Id*.

At bottom, Brown claims that Metro Officers illegally and unlawfully issued him a ticket for jaywalking. Brown brings the instant action pursuant to 42 U.S.C. §1983[1] against Governor Brian Sandoval, Secretary of State Barbara Cegavske, Attorney General Adam Laxalt, District Attorney Steven Wolfson, Sheriff Joseph Lombardo, Traffic Division Referee David Doto, Captain Christopher Tomaino,

---

[1] 42 U.S.C. §1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under §1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Attorney Ruth Miller, Detective McNabb, and Officer Mitchell for "depriving [him] of [his] right to redress of the government, equal protection under the law, as well as federal laws which include but are not limited to Title 18 Sections: 241, 242, 373, 654, 872, 1344, 1348." ECF No. 3 at 3.

Brown is seeking, *inter alia*, (1) "ratification and enforcement of the contract which was lawfully established so [he] may collect the debt owed and have the agents of government which are guilty of crimes against the people, impeached and sanctioned" (2) "that all guilty parties be impeached and sanctioned for crimes against the People and [I] am willing to sign the necessary paperwork to expedite such arrests as the 14th Amendment states that government must provide equal protection under the law" (3) "that City, County and State government Officers cease and desist all fraudulent actions against me or my person" and (4) "treble damages as punitive and again treble damages under the R.I.C.O. Act" *Id*. at 5.

## II. Discussion

### A. Legal Standard

The Court must review Brown's Amended Complaint to determine whether the Amended Complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. §1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). A complaint is frivolous within the meaning of §1915(e) if it lacks an arguable basis either in law or in fact, *Cato*, 70 F.3d at 1106, or is premised on a nonexistent legal interest or delusional factual scenario, *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). *See also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Put differently, an action is frivolous where "the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *See Deutsch v. United States*, 67 F.3d 1080, 1082 (3rd Cir. 1995); *see also Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995)

(holding that dismissal is appropriate for a claim based on an indisputably meritless legal theory); *Boruski v. Stewart*, 381 F. Supp. 529, 533 (S.D.N.Y. 1974) (stating that a dismissal under § 1915[e] is appropriate when, *inter alia*, the allegations of the complaint are "beyond credulity"). Nevertheless, if the Court dismisses a complaint under §1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato*, 70 F.3d at 1106.

The Court's review of Brown's Amended Complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain … a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

4

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The allegations in Brown's Amended Complaint show that Metro Officers issued a traffic ticket to Brown for jaywalking. They did so because Brown violated Nevada law when he walked across a notoriously busy street at around 9 p.m. at night and Officers were concerned Brown could get hit by a car. *See* Nev. Rev. Stat. 484B.287 ("Between adjacent intersections at which official traffic-control devices are in operation pedestrians shall not cross at any place except in a marked crosswalk").

Brown's Amended Complaint—and the 102 pages of attachments and exhibits—should be dismissed as frivolous under §1915(e) because the allegations are "wholly incredible" and lack an arguable basis in law or in fact. *See Cato*, 70 F.3d at 1106; *see also Denton*, 504 U.S. at 33. For example, the Amended Complaint's allegations that Metro Officers threatened to arrest Brown and take him to jail for not signing the ticket and that this was a threat to kidnap Brown and hold him for ransom are illogical and unfounded. *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). Putting aside the Complaint's "wholly incredible" and fanciful allegations and inarguable legal conclusions, the Court notes that allegations of mere threats, verbal harassment, and embarrassment are not cognizable under §1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("We find no case that squarely holds a threat to do an act prohibited by the Constitution is equivalent to doing the act itself ... [and] we are not prepared to create an exception to this pattern").

In addition, Brown's allegations that he sustained injuries because Metro Officers wasted his valuable time and used his name for financial and political gain are similarly unreasonable. According to the Amended Complaint, there "was no contract between [Brown] and the Las Vegas Metropolitan Police Department which obligated [him] to obey the statutes." ECF No. 3 at 23. In other words, Brown asserts that he is exempt from government rules, regulations, codes and statutes because he is not factually an employee of the organization to whom those laws apply. *Id*. at 5. Thus, Brown claims that the mere fact that Metro Officers stopped him for questioning injured him. *Id*.

Brown also alleges that the traffic ticket is a security instrument because "[t]here are 'numerical values' on the upper right corner of the alleged 'ticket' which allow agents to sell and trade such for pecuniary gain." *Id*. He alleges that Metro Officers "should have a series 7 license to secure and trade such." *Id*. Consequently, Brown argues that the government's attempt to enforce said contract under threat of jail constitutes an injury. *Id*. What is more, Brown alleges that this was an act of domestic terrorism and an act of war. *Id*. at 5.

Brown's Amended Complaint is frivolous within the meaning of §1915(e) because it lacks an arguable basis either in law or in fact. Brown's Amended Complaint should be dismissed with prejudice because it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato*, 70 F.3d 1103, 1106 (9th Cir. 1995).[2]

ACCORDINGLY, and for good cause shown,

---

[2] Brown's claims under Title 18 U.S.C. §§ 241, 242, 373, 654, 872, 1344, and 1348 should be dismissed with prejudice for an additional reason. Title 18 of the United States Code covers crimes and criminal procedures. Such criminal allegations are not properly brought forth in a civil complaint. *See Wiley v. California*, 2011 WL 6012423, *4 (E.D. Cal. Nov 30, 2011) (citing *Perry v. Garcia*, 2010 WL 3633042, *12 (S.D.Cal. July 16, 2010) (stating that "murder and a violent hate crime are criminal charges, not properly part of a civil action"); *Lorenz v. Managing Director, St. Luke's Hosp*., 2010 WL 4922267 (S.D.N.Y. Nov. 5, 2010); *Lee v. Lewis*, 2010 WL 5125327 (E.D.N.C. Oct. 28, 2010)).

6

IT IS RECOMMENDED that Brown's Amended Complaint (ECF No. 3) be DISMISSED WITH PREJUDICE.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO RECOMMENDED.

DATED this 15th day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

7